# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| IGNITION AUTO MARKETING, INC. | § | |
| | § | |
| v. | § | CASE NO. 6:17-CV-260 |
| | § | |
| TODD BRESNAN, *et al.* | § | |
| | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this matter, has been presented for consideration. Docket No. 56. The Report and Recommendation recommends that Plaintiff's Amended Motion for Temporary Restraining Order (Docket No. 10) be denied, that Defendants Todd Bresnan, Jamie Bresnan, and Darrel Young's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Docket No. 38) be granted in part and denied in part, and that Defendants XCite, Todd Bresnan, Jamie Bresnan, and Darrel Young's Motion to Dismiss under 12(b)(6) (Docket No. 39) be denied. Plaintiff filed a written objection to the Report and Recommendation on March 16, 2018. Docket No. 60. Defendants did not file written objections. Plaintiff's written objection addresses one finding in the Report and Recommendation that concerns Plaintiff's Amended Motion for Temporary Restraining Order, which was amended at the hearing to a motion for preliminary injunction. Specifically, Plaintiff objects to the statement

in the Report and Recommendation that "Defendant's evidence that its customers pay higher prices for its services purports to show that Ignition's pricing information was not used by Defendants."[1] Plaintiff argues that its own evidence, consisting of one dealership contract, shows that XCite charged a lower price than Plaintiff did.

In the motion at issue, Plaintiff seeks injunctive relief related to its claims of breach of contract and misappropriation of trade secrets. To succeed on a motion for preliminary injunction, a plaintiff must establish each of the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs any damage that the injunction may cause for the nonmovant; and (4) that the injunction will not disserve the public interest. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). The burden is on the movant to establish each of the four enumerated elements for injunctive relief. *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993.

Plaintiff's objection to the Report concerns only the Court's finding as to the first element—whether there is a substantial likelihood of success on the merits—and only concerns its misappropriation of trade secrets claim. Docket No. 60. In the Report, the Magistrate Judge stated that Defendant submitted evidence purporting to show that XCite's customers pay higher prices than Plaintiff's customers, which would undercut Plaintiff's claim for misappropriation of trade secrets. Specifically, Defendants submitted a declaration from Todd Bresnan, who has worked for both companies, that states, "XCite usually charges higher prices than Ignition, but XCite promotes

---

[1] *See* Report and Recommendation of the United States Magistrate Judge, Docket No. 56, at 17.

its higher quality service and more efficient auto marketing."[2] Defendants additionally submitted the declaration of Philip Penton, CEO of XCite Advertising, Inc., which states that XCite's pricing model was established before the events giving rise to this lawsuit and has remained consistent.[3] Plaintiff's objection does not show error in the statement in the Report that Defendants' evidence "purports to show" that XCite did not use Plaintiff's pricing information.

More importantly, the very next sentence in the Report states that "even if the Court were to assume, *arguendo*, that Ignition is likely to succeed on the merits of its claims, it must establish each of the four enumerated elements for injunctive relief."[4] The Magistrate Judge concluded that Plaintiff did not meet its burden of showing a substantial threat of irreparable injury, that its threatened injury outweighs the threatened harm to Defendants and that a preliminary injunction will serve the public interest.[5] Plaintiff's written objection does not challenge those findings. Plaintiff has not met its burden of establishing all of the essential elements necessary for a preliminary injunction.

Having made a *de novo* review of the written objection filed by Plaintiff in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objection is without merit. It is therefore

**ORDERED** that the Report and Recommendation (Docket No. 56) is **ADOPTED.** Plaintiff's Amended Motion for Temporary Restraining Order (Docket No. 10) is **DENIED**. It is further

---

[2] *See* Defendants' Response to Plaintiff's Motion for Temporary Restraining Order, Docket No. 40-1, at 4 (Declaration of Todd Bresnan in Support of Defendants' Joint Response to Plaintiff's Motion for Temporary Restraining Order).
[3] *Id.*, Docket No. 40-3, at 2 (Declaration of Philip Penton in Support of Defendants' Joint Response to Plaintiff's Motion for Temporary Restraining Order).
[4] *See* Report and Recommendation, Docket No. 56, at 18.
[5] *Id.*

**ORDERED** that Defendants Todd Bresnan, Jamie Bresnan, and Darrel Young's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Docket No. 38) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is denied as to personal jurisdiction for Todd Bresnan and granted in all other aspects. Accordingly, the claims against Defendants Jamie Bresnan and Darrel Young are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction. It is finally

**ORDERED** that Defendants XCite, Todd Bresnan, Jamie Bresnan, and Darrel Young's Motion to Dismiss under 12(b)(6) (Docket No. 39) is **DENIED**.

**SIGNED this 22nd day of March, 2018.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE